BENJAMIN B. WAGNER
United States Attorney
TODD A. PICKLES
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 2:08-CR-00557 WBS |
|---|---|
| Plaintiff, | APPLICATION AND ORDER COMPELLING ASSISTANT FEDERAL PUBLIC DEFENDER MICHAEL PETRIK TO PROVIDE INFORMATION TO THE UNITED STATES |
| v. | |
| RICHARD PAUL GODLEY, | |
| Defendant. | |

## **APPLICATION**

The United States of America, through the undersigned Assistant United States Attorney, hereby applies to this Court for an order (1) finding that Richard Paul Godley has waived the attorney-client privilege with respect to the matters raised in his pending motion to correct his sentence pursuant to 28 U.S.C. § 2255 and (2) compelling Assistant Federal Public Defender Michael Petrik to provide information to the United States subject to the waiver of privilege.

**A.  Factual Background**

In his § 2255 motion, Godley asserts that his prior counsel provided ineffective assistance with respect to advice as to the likely sentence that would be imposed if Godley pled guilty and with respect to the arguments made by his counsel at sentencing. [Dckt. Nos. 40, 46, and 59]. In the United States's opposition to Godley's § 2255 motion, the United States sought to obtain discovery from Mr. Petrik in the event that the Court did not deny the motion at the hearing.  At the hearing on April 27, 2015, the

APPLICATION AND [PROPOSED] ORDER         1

Court continued the matter for a further hearing to July 20, 2015 to permit additional briefing. At the hearing, the Court also stated that the United States was granted leave to speak with Mr. Petrik concerning his discussions with the defendant. Thereafter, the undersigned counsel for the United States discussed the matter with Mr. Petrik. Mr. Petrik indicated that, because of the policy of the Office of the Federal Public Defender and concerns about his ethical obligations to maintain the attorney-client privilege absent a court order finding the attorney-client privilege inapplicable, he would not provide any information to the United States without a court order compelling him to provide such information.

### B. The Court Should Find The Privilege Has Been Waived And Compel Mr. Petrik To Provide Information

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." *Bittaker v. Woodford*, 331 F.3d 715, 716 (9th Cir. 2003). In the context of a claim of ineffective assistance in a collateral attack, the privilege is implicitly waived "by asserting claims the opposing party cannot adequately dispute unless it has access to the privilege materials." *Id*. at 719. The defendant may preserve the confidentiality of privileged communications by choosing to abandon the claim that gives rise to the waiver condition. *Id*. at 721.

Because Godley has placed the nature of his attorney-client relationship with prior counsel at issue by claiming counsel provided poor legal advice concerning the plea negotiation as well as a deficient mitigation argument, Godley has waived his privilege as to those matters. *See Bittaker*, 331 F.3d at 716. Further, although the United States believes that Godley's former counsel will dispute the allegations in the § 2255 motion, the United States needs the opportunity to obtain such information concerning former counsel's oral and written communications with Godley. For these reasons the Court should enter an order finding that Godley has waived the attorney-client privilege as to communications with his former defense counsel Mr. Petrik, and compelling Mr. Petrik to provide such information to the United States upon request.

|   |   |   |
|---|---|---|
| 1 |  | Respectfully submitted, |
| 2 | Dated:  May 29, 2015 | BENJAMIN B. WAGNER<br>United States Attorney |
| 4 |  | By:  */s/ Todd A. Pickles* |
| 5 |  | TODD A. PICKLES<br>Assistant United States Attorney |

APPLICATION AND [PROPOSED] ORDER            3

**ORDER**

For good cause showing and based on the record before the Court, the Court hereby FINDS that defendant Richard Paul Godley, through the claims of ineffective assistance of counsel made in his pending motion to correct his sentence pursuant to 28 U.S.C. § 2255, has waived the attorney-client privilege with respect to any discussions he had with his attorney Michael Petrik, as well as Mr. Petrik's advice or strategy, concerning (1) any and all plea negotiations and considerations, including the likely sentence Godley would receive as a result of a plea of guilty and (2) any and all arguments made by the defense with respect to the sentence imposed by the court in this matter.  If defendant disagrees with this finding, or has any opposition to the court entering an Order compelling Mr. Petrik to provide the information subject to the waiver to the United States, he shall file such objection within 10 days from the date of this Order.  Unless defendant files such an objection, Mr. Petrik is hereby ordered to provide the information subject to the waiver to the United States, including through an interview and/or deposition.

IT IS SO ORDERED.

Dated:  May 29, 2015

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE