UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| UNITED STATES OF AMERICA, | CR. NO. 2:08-557 WBS |
|---|---|
| Plaintiff, | MEMORANDUM AND ORDER RE: MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 |
| v. | |
| RICHARD PAUL GODLEY, | |
| Defendant. | |

----oo0oo----

On October 29, 2014, defendant Richard Paul Godley filed a Motion to Correct Sentence pursuant to 28 U.S.C. § 2255. (Docket No. 59.)  The government opposed the motion, (Docket No. 65), and defendant filed his reply (Docket No. 66).  For the reasons below, defendant's motion must be denied.

On December 3, 2008, a grand jury returned an indictment charging defendant with one count of receipt of depictions of minors engaged in sexually explicit conduct in violation of 18 U.S.C. § 2252(a)(2) and one count of possession

1

of one or more matters containing depictions of minors engaged in explicit conduct in violation of 18 U.S.C. § 2252(a)(4)(B). (Docket No. 1.)  Judge Garcia sentenced defendant on December 18, 2009, to 121 months of imprisonment after defendant signed a written agreement to plead guilty to the first count.  Defendant now argues that he received ineffective assistance of counsel during sentencing under two theories: (1) because his attorney failed to make specific arguments against the child pornography sentencing guidelines and (2) because his attorney failed to mention several mitigating factors, including defendant's time in the army and his work as a firefighter and special education counselor.[1]  (Def.'s Mot. at 8-10.)

"Under Strickland v. Washington, 466 U.S. 668 (1984), a defendant claiming ineffective assistance of counsel must show that counsel's actions were not supported by a reasonable strategy and that the error was prejudicial."  Massaro v. United States, 538 U.S. 500, 504 (2003).  Under the first prong, a defendant must show that an attorney's representation falls "below an objective standard of reasonableness" as measured by "prevailing professional norms."  Strickland, 466 U.S. at 687–88. There is a "strong presumption that counsel's performance falls within the wide range of professional assistance."  Kimmelman v.

---

[1]  The court proceeds to the merits of defendant's petition without addressing the government's contention that challenging a sentence passed on September 4, 2009, is untimely under § 2255(f) and that defendant waived the right to collateral attack.  The court will also not address defendant's argument that he received ineffective assistance of counsel regarding his plea agreement because defendant submitted a notice abandoning that argument on August 17, 2015.  (Docket No. 76.)

Morrison, 477 U.S. 365, 381 (1986).  "A reasonable tactical choice based on adequate inquiry is immune from attack under Strickland."  Gerlaugh v. Stewart, 129 F.3d 1027, 1033 (9th Cir. 1997).

As for the second prong, "Strickland asks whether it is 'reasonably likely' the result would have been different."  Harrington v. Richter, 562 U.S. 86, 111 (2011) (quoting Strickland, 466 U.S. at 696).  "This does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'"  Id. (quoting Strickland, 466 U.S. at 693, 697).  "The likelihood of a different result must be substantial, not just conceivable."  Id. (citing Strickland, 466 U.S. at 693).

Defendant first argues that competent counsel should be expected to bring to a district court's attention authority suggesting that, unlike other guidelines, the child pornography guidelines do not reflect the United States Sentencing Commission's expertise and considered judgment.  (Def.'s Reply at 8 (Docket No. 66).)  Defendant cites to a one-paragraph concurring opinion from the Sixth Circuit for the proposition that failure to make this argument constitutes ineffective assistance of counsel.[2]  (Id. (citing United States v. Walters, 775 F.3d 778, 787 (6th Cir. 2015) (White, J., concurring).)

---

[2] The concurring opinion does not elaborate or cite any supporting authority for the proposition it asserts.  It is therefore of limited persuasive value.

3

1    This argument assumes that Judge Garcia was not aware
2 of authority suggesting the child pornography guidelines were
3 excessive at the time defendant was sentenced and would have
4 acted differently had he known.  To the contrary, it appears that
5 Judge Garcia was perfectly aware of this argument and had
6 rejected it at least twice before he sentenced defendant.

7    In United States v. Alderson, a defendant before Judge
8 Garcia argued that the child pornography guidelines were "not the
9 product of empirical analysis and congressional directives," and
10 compared it to sentencing guidelines for crack cocaine.  Def.'s
11 Sentencing Mem. at 6-7, United States v. Alderson, Cr. No. 2:07-
12 214 ELG, (E.D. Cal. filed Feb. 27, 2009) (Docket No. 45).  The
13 defendant requested a sentence of sixty months, but Judge Garcia
14 sentenced the defendant to the low end of the guideline range,
15 seventy-eight months.  Id. (Docket No. 50).

16    About five months later, another defendant before Judge
17 Garcia argued that "the Sentencing Commission has been forced by
18 politics to revise the [child pornography guidelines] upward,
19 again and again" and cited several supporting secondary sources
20 as well as numerous cases departing from the child pornography
21 guidelines.  Def.'s Mem. in Aid of Sentencing at 4-8, United
22 States v. Adamson, Cr. No. 2:08-173 ELG (E.D. Cal. filed August
23 28, 2009) (Docket No. 40).  The defendant asked for thirty
24 months, yet Judge Garcia again imposed a sentence of seventy-
25 eight months or the bottom of the guideline range.  See id.
26 (Docket No. 42).  Judge Garcia's explanation at the sentencing
27 hearing included language that responded to this argument.  See
28 Sentencing Tr. at 24-25, Adamson, Cr. No. 2:08-173 ELG (E.D. Cal.

4

filed Oct. 7, 2009) (Docket No. 47).  He stated, in part: "Contrary to defense counsel's assertions, my sentences are not in echo of those other judges who believe the guidelines too harsh for this type of crime."  Id.

Moreover, after defendant in the instant case was sentenced, a third defendant advanced a similar argument before Judge Garcia.  See Def.'s Obj. to Presentence Report at 2, United States v. Johnson, Cr. No. 2:08-508 EJG (E.D. Cal. filed March 11, 2011) (Docket No. 79).  Just as before, Judge Garcia declined to grant a downward departure from the recommended guideline range.  See id. (Docket No. 82).

Accordingly, because Judge Garcia consistently considered and rejected arguments attacking child pornography sentences under the guidelines as "too harsh," the court cannot conclude it is "reasonably likely" he would have reached a different result had counsel made the same argument in this case. See Harrington, 562 U.S. at 111.  If anything, the record supports the opposite conclusion.

Defendant's second theory of ineffective assistance of counsel also fails because all of the mitigating factors defendant points to were available to Judge Garcia in the Presentence Report before he imposed the sentence.  Defendant has again failed to demonstrate prejudice resulting from his attorney's omissions during the sentencing hearing.  See Strickland, 466 U.S. at 699-700 (finding no prejudice when evidence not offered at a sentencing hearing would not have significantly altered the sentencing profile presented to the judge).

5

1        IT IS THEREFORE ORDERED that defendant's motion to
2   correct his sentence under 28 U.S.C. § 2255 (Docket No. 59) be,
3   and the same hereby is, DENIED.
4   Dated: August 25, 2015

*[signature]*

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE